UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AARON ISRAEL, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v.  ) | No. 3: 06cv0224 AS |
| ) | |
| EDWIN BUSS, ) | |
| ) | |
| Respondent ) | |

### *MEMORANDUM AND ORDER*

On or about April 3, 2006, *pro se* petitioner, Aaron Israel, an inmate at the Wabash Valley Correctional Facility (WVCF) in Carlisle, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on January 3, 2007, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a handwritten Traverse on March 29, 2007, and this Court has made an extraordinary effort to give it close attention.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the WVCF which is not in the territorial area of this district. However, there appears to be enough relevant conduct that did occur within the territorial area of this district to justify venue here.

The petitioner was the subject of a prison disciplinary proceeding in October 2005 entitled cause number ISP 05-10-0062, which would indicate that this conduct did in fact

occur at the Indiana State Prison located in this district. The sanction included a 60-day earned credit time deprivation which would implicate *Wolff v. McDonnell*, 418 U.S. 539 (1974). There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996). He was charged with intimidation or threatening another with bodily harm, and the record certainly demonstrates that he did so. He raises a small array of arguments which are without merit. The written findings of the Board are sufficient all as examined under *Wolff*.

Understanding that there is no constitutional right in this species of proceedings to cross examine and confront witnesses, there were witnesses and evidence presented. This court does not bottom any decision here on harmless error. With regard to the impartiality of the Board and the administrative appeal process, the standards in *Redding v. Fairman*, 717 F.2d 1105 (7th Cir. 1983), *cert. denied*, 465 U.S. 1025 (1984), belie any systemic flaw with regard to the Board. This court has taken the trouble to re-read *Piggie v. Cotton,* 344 F.3d 674 (7th Cir. 2003). Giving close attention to the record here, and comparing the analysis in *Piggie* in 2003, this court cannot find a violation here of the mandates in that 2003 *Piggie* case. However, in the interest of very great caution, this court will here and now enter an order consistent with that from *Piggie*, namely, whether there were valid security reasons for

2

failing to disclose the tape and whether the tape contained exculpatory information. Those should be submitted in camera to this court for its examination. Thus, this matter is remanded to the respondent for compliance with this interim order. **IT IS SO ORDERED**.

**DATED:** March 30, 2007

                                                     **S/ ALLEN SHARP**
                                                   **ALLEN SHARP, JUDGE**
                                                   **UNITED STATES DISTRICT COURT**